UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

In Re:   Kelly Louise Eastmead                                           Chapter 13
                                                                         Case No. ___
Debtor.

## Chapter 13 Plan

Address:        Debtor   375 North Graham St. # 22, Memphis, TN 38117

Plan Payment:

Debtor Shall Pay: $ 199.00 Every Two Weeks
   Or by: ( X )Payroll Deduction   Shelby County Schools, 160 South Hollywood Street, Memphis, TN 38112

1. This Plan [Rule 3015.1 Notice]:
   (A) Contains a Non-standard Provision [See provision 19].                                      (X) Yes   ( ) No
   (B) Limits the Amount of a Secured Claim Based on a Valuation of the Collateral for the Claim  (X) Yes   ( ) No
       [See provisions 7 and 8].
   (C) Avoids a Security Interest or Lien. [See provision 12].                                    ( ) Yes   (X) No

2. Administrative Expenses: Pay Filing Fee and Debtor Attorney's Fee Pursuant to Confirmation Order.

3. Auto Insurance:     ( ) Included in Plan     Or (X) Not Included in Plan if proof provided by Debtor

4. Domestic Support Paid By:  ( ) Debtor Directly  ( ) Wage Assignment    ( ) Trustee To:          Monthly Pmt.
                                        ongoing payment begins

5. Priority Claims:                                                                                Monthly Pmt.
                                                      Amount

6. Home Mortgage Claims:    ( ) Paid Directly by Debtor or ( ) Paid by Trustee To:                 Monthly Pmt.
                                        ongoing payment begins

7. Secured Claims [Retain Lien 11 U.S.C. §1325 (a)(5)]:      Collateral Value      Interest Rate   Monthly Pmnt.

8. Secured Automobile Claims for Debt Incurred Within 910 Days of Filing, and Other Secured Claims for Debt Incurred Within One Year of Filing [Retain Lien 11 U.S.C. §1325 (a)(5)]:

|  | Collateral Value | Interest Rate | Monthly Pmnt. |
|---|---|---|---|
|  |  |  |  |

9. Secured Claims for Which Collateral Will Be Surrendered; Stay Is Terminated Upon Confirmation for the Limited Purpose of Gaining Possession and Commercially Reasonable Disposal of Collateral:

|  | Collateral |
|---|---|
|  |  |

10. Special Class Unsecured Claims:

|  | Collateral Value | Interest Rate | Monthly Pmnt. |
|---|---|---|---|
| US Dept. of Education (student loan) (partial) | $ 1,000.00 | 4.00% | $20.00 |
|  |  |  |  |

11. Student Loan Claims and Other Long Term Claims:
    US Dept. of Education (balance)     X  Not Provided For     ( ) General Unsecured Creditor

12. The Judicial Liens or Non-possessory, Non-purchase Money Security Interests Held by the Following Creditors Are Avoided to the Extent Allowable Pursuant to 11 U.S.C. §522(f):

13. Absent a Specific Court Order Otherwise, All Timely Filed Claims, Other than Those Specifically Provided for Above, Shall Be Paid as General Unsecured Claims.

14. Estimated Total General Unsecured Claims: _____.

15. The Percentage to Be Paid to Non-priority, General Unsecured Claims Is:    ( ) _____;
    Or  (X) Trustee Shall Determine the Percentage to Be Paid after Passage of Final Bar Date.

16. This Plan Assumes or Rejects Executory Contracts:
    Grove at Hedgewood          X Assume       ( ) Reject

17. Completion:    Plan shall be completed upon payment of the above, approximately  60  months.

18. Failure to Timely File a Written Objection to Confirmation Shall Be Deemed Acceptance of Plan.

19. Non-standard Provisions:
    For the purposes of provision 8, all collateral will be assumed to have exceeded the time limits set forth in the
    hanging paragraph following § 1325(a)(9), unless the debtor is in possession of the original contract

    Any Non-standard Provision Stated Elsewhere Is Void.

20. Certification: This Plan Contains No Non-standard Provisions Except Those Stated in Provision 19.

    /s/ Jimmy E. McElroy  TN Bar #011908          Date   June 24, 2019
    Debtor's Attorney's Signature